IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ANTHONY L. EVANS,<br><br>Plaintiff,<br><br>vs.<br><br>TERRIE STEFALO, TOM WILSON, and LEROY KIRKEGARD,<br><br>Defendants. | CV 15-00057-H-DLC-JTJ<br><br>ORDER |

On September 16, 2015, this Court issued an Order requiring Mr. Evans to update his address with the Court in compliance with Local Rule 5.2(a). (Doc. 7.) The Order was sent to Mr. Evans at the Montana Department of Corrections Probation and Parole Office in Bozeman, Montana. The Order was returned to the Court as undeliverable.[1] (Doc. 8.) Mr. Evans has not filed a response to the Court's Order or a Notice of Change of Address as required by Local Rule 5.2(a).

This matter should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 5.2(b) because Mr. Evans failed to comply with

---

[1] The Montana Department of Corrections website indicates that Mr. Evans's sentence expired on July 10, 2015, and he is no longer incarcerated by the Montana Department of Corrections.

1

the Court's September 16, 2015 Order and the Court's Local Rules and because the Order directed to Mr. Evans was returned to the Court as not deliverable and the Court failed to receive within 60 days of the return a written communication from Mr. Evans indicating his current address.

The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). However, dismissal is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The Court must considered the following factors before imposing dismissal as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

This case was filed in June 2015. The Court granted Mr. Evans's motion to proceed in forma pauperis but has not yet conducted a screening of the case. Without an ability to communicate with Mr. Evans, this matter could linger indefinitely. This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 *(citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket. It cannot do so if Mr. Evans refuses to communicate with the Court. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Defendants have not yet been served in this case. This factor does not weigh in favor of dismissal.

The Court has considered and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Mr. Evans was given an opportunity to notify the Court of his new address, but he has not done so. Mr. Evans has been advised of the requirement of keeping the Court and opposing counsel apprised of his current address. (Doc. 1 at 3, Doc. 7.) Given Mr. Evans's refusal to keep his address updated, the Court can envision no further alternatives to dismissal.

Public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). However, because the majority of factors favor dismissal, dismissal is appropriate.

Therefore, it is **RECOMMENDED:**

(1) This matter is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 5.2(b). The Clerk of Court should close this matter.

(2) The Clerk of Court should have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 22nd day of February, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge